UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL M. FRASER, as an individual and on behalf of all others similarly situated,

    Plaintiff,

v.

GENESCO, INC.,

    Defendant.

No. 2:11-cv-00598-MCE-CKD

MEMORANDUM AND ORDER

----oo0oo----

On March 3, 2011, Plaintiff Michael Fraser ("Fraser") initiated this putative class action against Genesco, Inc. ("Genesco"), alleging violations of California's Song-Beverly Credit Card Act of 1971, California Civil Code § 1747, et seq., and Unfair Competition Law, California Business & Professions Code § 17200.

///
///
///

1

Presently before the Court is the parties' Joint Motion to Transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a) ("Motion"). For the following reasons, the parties' Motion is GRANTED.[1]

## BACKGROUND

In his Complaint before this Court, Fraser alleges that Genesco impermissibly requests customers' personal identification information when conducting retail credit card purchase transactions. At approximately the same time Fraser filed his suit, another individual, Frank Pabst ("Pabst"), filed a separate class action, this one in the Northern District of California, also arising out of Genesco's alleged violations of the Song-Beverly Credit Card Act and California common law. Request for Judicial Notice, ¶ 2, Exh. 2. Pabst subsequently filed a Motion to Transfer and Coordinate Multidistrict Litigation with the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407, which governs multi-district litigation ("MDL"). Id., ¶ 3, Exh. 3 at 2 and Schedule B. Pending the JPML's decision, parties in both the Fraser action and the Pabst action filed joint motions to stay those proceedings, which were granted.

///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

2

1    The JPML has since denied the parties' MDL request.  Id.,
2 ¶ 3, Exh. 3 at 3-4.  Despite the JPML's finding that the cases
3 "unquestionably involve common factual and legal issues," the
4 JPML determined that each of the cases could have been brought in
5 any district in California and that transfer pursuant to
6 28 U.S.C. § 1404(a) was thus the preferable mechanism under which
7 to proceed.  Id.

8    On August 31, 2011, parties in the Fraser action thus filed
9 the instant Motion to transfer this case to the Northern
10 District.  The parties argue their request should be granted
11 because: 1) they stipulate to the transfer for the purpose of
12 consolidating the Fraser and Pabst actions; 2) absent transfer,
13 there is a high risk that multiple courts could issue
14 inconsistent rulings; 3) absent transfer, the parties will be
15 required to inefficiently duplicate their efforts in different
16 courts; 4) the Northern District is a more convenient forum for
17 the parties and witnesses; 5) the Northern District's docket is
18 less congested than the Eastern District's docket; and 6) the
19 JPML endorsed the use of discretionary transfers, as opposed to
20 § 1407 procedures, to coordinate these actions.  The parties'
21 arguments are well-taken.

**STANDARD**

25    A court may transfer a case to another district for the
26 convenience of parties and witnesses, and in the interests of
27 justice.  28 U.S.C. § 1404(a) provides for such transfer, stating
28 in pertinent part as follows:

3

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought.

The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). As the language of the transfer statute suggests, in order to prevail on a motion to transfer under § 1404(a), the moving party must show that the new forum is one in which the action could originally have been brought. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-79 (9th Cir. 1979). Once the Court determines a case could have been brought before the proposed transferee court, here the Northern District of California, it must consider a number of private and public factors relating to the interests of the parties and the judiciary, including: 1) the plaintiff's choice of forum; 2) convenience of the parties; 3) the convenience of the witnesses; 4) the ease of access to the evidence; 5) the familiarity of each forum with the applicable law; 6) the local interest in the controversy; and 7) administrative difficulties flowing from court congestion in the respective potential forums. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

///
///
///
///
///

4

**ANALYSIS**

As stated above, in determining the propriety of transfer under 28 U.S.C. § 1404(a) the Court must first look to whether the proposed transferee district, here the Northern District of California, is one in which Plaintiffs' action could originally have been brought. Commodity Futures Trading Comm'n, 611 F.2d at 279. If that inquiry yields a positive result, the Court must then examine a number of factors relating to the interests of both the parties and the judiciary, including the plaintiff's choice of forum, the convenience of the parties and the witnesses, access to evidence, local interests, and relative court congestion. Decker Coal, 805 F.2d at 843.

The preliminary question is easily answered here. It is uncontroverted that this action could have been brought in the Northern District of California. The Northern District, like this Court, has subject matter jurisdiction over Fraser's claims pursuant to 28 U.S.C. § 1332(d)(2) because Fraser and other putative class members are California citizens and Genesco is a Tennessee citizen. See Fraser Complaint, ¶ 1. In addition, the putative class members' claims exceed $5,000,000. Id. As such, the Northern District, like this Court, has subject matter jurisdiction over this case.

Genesco is likewise subject to the Northern District's personal jurisdiction. Genesco conducts a substantial amount of business within that district and thus satisfies the minimum contact requirements.

///

See Motion, 6:8-10; Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (Due process requires that the nonresident defendant have certain "minimum contacts" with the forum, such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice."); Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) (California long arm statute allows the exercise of jurisdiction to the full extent permitted by federal constitutional due process.).  Indeed, by filing this Joint Motion, Genesco concedes it is subject to personal jurisdiction in the transferee Court.  Finally, for the same reasons personal jurisdiction over Genesco is proper in the Northern District, venue is likewise appropriate there as well. See 28 U.S.C. § 1391(a)(1) (Venue is proper in "a judicial district where any defendant resides."); id., § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.")

   Having determined that this case could have been brought in the Northern District, the inquiry then shifts to the remaining considerations that must be weighed in determining whether a transfer from the Eastern District to the Northern District is appropriate.  First, Fraser's choice of forum will not be undermined by a transfer in this case because Fraser agrees that litigating in the Northern District is appropriate.  Moreover, even if Fraser had not stipulated to the instant transfer, his choice of forum would be accorded little weight in light of the strength of the remaining factors.

1  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen
2  an individual brings a derivative suit or represents a class, the
3  named plaintiff's choice of forum is given less weight.).
4      Moreover, the parties all agree that the Northern District
5  presents a more convenient forum for both the parties and the
6  witnesses because, among other things, Genesco's counsel is
7  located in San Francisco and because the potential consolidation
8  of these actions in a single district would prevent all persons
9  involved from having to travel to multiple venues within
10 California to litigate substantially similar, if not identical,
11 claims.  In addition, travel to and from the Northern District,
12 which is served by three major airports offering direct flights
13 is more convenient than travel into the Eastern District's only
14 major airport that is, at times, reachable only via connecting
15 flights through either San Francisco or Los Angeles.
16     The parties also accurately point out that the caseload of
17 courts in the Northern District is markedly less than that of
18 courts in the Eastern District such that consideration of court
19 congestion also favors transfer.
20     Finally, and perhaps most persuasively, the parties intend
21 to seek consolidation of this action with the Pabst action upon
22 transfer.  Notably, their prior attempt at consolidation via the
23 JPML failed not because these actions are unrelated, but because,
24 at least in part, the Panel deemed transfer via § 1404(a) to be
25 preferable alternative to MDL.  There being no obstacle to
26 transfer under § 1404(a), this Court agrees.
27 ///
28 ///

7

Indeed, transfer pursuant to § 1404(a) will serve judicial economy because the Fraser action arises out of the same common set of facts and law as does the Pabst action.  Accordingly, even if not consolidated, litigating these cases before the same court, will diminish the likelihood that conflicting decisions are issued on a whole host of issues from discovery, to class certification, to, eventually, the merits.  In addition, transfer will minimize the duplication of efforts, and the potential for wasted resources, by both the parties and the courts.  In sum, transfer of this action to the Northern District, where this action could originally have been filed, is proper because it will serve the ends of justice and the convenience of the courts, the parties and the witnesses.

**CONCLUSION**

For the reasons just stated, the parties' Joint Motion to Transfer (ECF No. 20) is GRANTED.  The Clerk of the Court is directed to transfer this case to the Northern District of California.

IT IS SO ORDERED.

Dated: September 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE